## OHIO SUPREME COURT—Continued

### No. 491

VAN SICKEL v. SALHANY
No. 19761. Supreme Court
On motion t ocertify. Dock. Apr. 9, 1926.

1085. SERVICE—If a defendant is sued by a fictitious name fraudulently given the plaintiff by defendant and service is obtained by mail as provided by statute for the Akron Municipal Court and pursuant thereto the defendant appears in court and the correct name is substituted in the record and judgment is rendered for plaintiff, may the plaintiff be enjoined from enforcing the collection of the judgment on the ground that the judgment was contrary to law under 11367 GC.?

Frank Van Sickle brought this action originally in the Akron Municipal Court against James A. Salhany for damages resulting from an automobile collision.

The defendant Salhany at the time of the collision gave Van Sickle the name of James A. Salhany wherein in fact his real name was Essa Salhany. Service was obtained by mail, addressed to James A. Salhany as permitted by statute in the Akron Municipal Court. Salhany thereupon appeared in court where he admitted having given Van Sickle a fictitious name. Judgment was rendered for Van Sickle which was neither appealed nor taken up on error.

Salhany then sought an injunction in the Summit County Common Pleas on the ground that the judgment was contrary to law in that it was rendered without having personal service on Salhany as required by 11367 GC. The injunction was refused but the Appeals reversed this ruling and granted a permanent injunction prohibiting the enforcement of the judgment.

Van Sickle, in the Supreme Court, contends that under 88 OS. 156 Salhany had in effect entered his appearance after the substitution of his correct name had been made.

Attorneys—Slabaugh, Seiberling, Huber & Guinther for Van Sickle; L. J. Meyers for Salhany; all of Akron.

### No. 492

SEIGEL v. DETROIT & TOLEDO RAILROAD
No. 19787. Supreme Court
On motion to certify. Dock. Apr. 22, 1926.

659. INTERSTATE COMMERCE—Is a workman employed by a railroad to repair engines in a round house engaged in interstate commerce, and thereby eligible to recover for personal injuries under the Federal Employer's Liability Act?

Sam Seigel brought this action originally in the Lucas County Common Pleas against The Detroit and Toledo Shore Line Railroad for damages for personal injuries.

The Railroad Company is engaged in interstate commerce. Seigel, at the time of the accident, was employed by the Company and worked in "Lang Yards", the southern terminus of the railroad, four miles south of the Ohio-Michigan line, in repairing engines of railroad.

Seigel and other employes for several years, to the knowledge of the Company and employes habitually crossed a certain lot and crawled through a hole in the fence adjacent to the railroad in going to and from work.

At the time of the injury Seigel was going to work, had crawled through the fence, was seen by those in charge of a freight train and while climbing through said train was knocked off car by a sudden jerk in starting, receiving severe injuries to a leg.

No notice or warning that the train was about to start was given and it was customary to give two short blasts of the whistle before starting.

A judgment for $7500 rendered by the Common Pleas was reversed by the Appeals.

Seigel, in the Supreme Court, contends:

1. That he was engaged in interstate commerce and therefore entitled to recover by virtue of The Federal Employer's Liability Act.

2. That it was for the jury to determine whether or not he was engaged in interstate commerce.

Attorneys—Tyler, McMahon, Smith and Wilson for Seigel; H. A. Middleton for Co.; all of Toledo.

### No. 493

DELONG v. MARKET EXCHANGE BANK CO.
No. 19785. Supreme Court
On motion to certify. Dock. Apr. 22, 1925.

147. BILLS AND NOTES—Where judgment by confession is taken by a party other than the legal holder of a cognovit note, may such judgment be vacated on the theory that the plaintiff has no title to the note?

This action was brought originally by The Market Exchange Bank Co. in Franklin Common Pleas against Samuel H. Delong and A. C. Thompson for judgment on two cognovit notes.

It appears that "The Byers Co." was payee and notes were negotiated by one Robert C. Byers and no endorsements of the real payee appears on the notes.

The Bank took judgment on the notes by confession and in the same term of court the court overruled a motion to vacate the judgment which ruling was affirmed by the Appeals.

Delong and Thompson, in the Supreme Court, contend:

1. That to vacate a judgment by confession it is not necessary to prove an actual sufficient defense but only a seriously litigitable issue.

2. That the Bank did not have legal title to the notes and therefore could not take advantage of the warrant of Attorney in taking judgment.

Attorneys—DeGalley & DeGalley for Delong and Thompson; C. J. Pretzman for Bank; all of Columbus.